UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT KANSUPDA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAPTISTA DELIVERY SERVICES, LLC, et al.,<br><br>　　　　Defendants. | Case No. 4:18-cv-02133-KAW<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 17 & 27 |

On February 15, 2019, Plaintiff Amit Kansupda filed a motion for default judgment. (Dkt. No. 17.) Upon review of the moving papers and the operative complaint, the Court was concerned with the sufficiency of the complaint, and, on April 25, 2019, ordered Plaintiff to either file a first amended complaint and withdraw the pending motion for default judgment, or file a supplemental brief addressing the issues in the order with citations to the relevant legal authority. (Dkt. No. 26.) On May 10, 2019, Plaintiff opted to file a supplemental brief. (Pl.'s Br., Dkt. No. 27.)

In the April 25, 2019 order, the undersigned noted that, in the complaint, the relevant time period of Plaintiff's employment was "[f]rom approximately November 2016 to February 2017 and from March 2016 to approximately April 21, 2017." (Dkt. No. 26 at 1 (citing Compl., Dkt. No. 1 ¶ 10.)) The Court noted that "[a]t least one of these date ranges appears to be in error, which is problematic due to the strict pleading standard on default." (Dkt. No. 26 at 1.)  In response, Plaintiff clarified that Plaintiff was employed from April 15, 2016 to January 13, 2017 and from March 14, 2017 to April 21, 2017. (Pl.'s Br. At 1 (citing Decl. of Amit Kansupda, Dkt. No. 17-1 ¶ 2.)  Thus, Plaintiff essentially concedes that the allegations pertaining to the dates of his employment were incorrect. Nowhere in the complaint, however, are the correct dates provided. Instead of addressing his mistake, Plaintiff argues that the accuracy of the dates of employment "is

primarily an issue of damages because other allegations of the Complaint establish that Plaintiff worked within the limitations period." (Pl.'s Br. At 1.)

The Court disagrees. Plaintiff's dates of employment are a threshold factual issue, and "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Moreover, "[i]n reviewing a default judgment, this court must take the well-pleaded factual allegations of [the complaint] as true. [Citation.] However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Here, Plaintiff has not established the dates of his employment, and his declaration that provides the correct information cannot rectify that deficiency. *See Rasmussen v. Dublin Rarities,* No. C 14-1534 PJH, 2015 WL 1133189, at *15 n. 5 (N.D. Cal. Feb. 27, 2015) (outside declarations and other evidence can only be considered with respect to damages). Thus, Plaintiff's failure to properly plead the dates of his employment cannot support the imposition of default judgment.

Accordingly, Plaintiff's motion for default judgment is DENIED. Plaintiff may file a first amended complaint within 21 days of this order.

IT IS SO ORDERED.

Dated: May 28, 2019

KANDIS A. WESTMORE
United States Magistrate Judge