UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT KANSUPDA,<br><br>    Plaintiff,<br><br>v.<br><br>BAPTISTA DELIVERY SERVICES, LLC, et al.,<br><br>    Defendants. | Case No. 4:18-cv-02133-KAW<br><br>**ORDER RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 38 |

On February 19, 2020, Plaintiff Amit Kansupda filed a motion for default judgment against Defendants Baptista Delivery Services, LLC and Baptista Enterprises Transporting and Towing, LLC (collectively "Defendants"). (Pl.'s Mot. for Default J., Dkt. No. 38.) This is Plaintiff's second motion for default judgment, as the first was denied due to Plaintiff's failure to correctly allege Plaintiff's dates of employment. (*See* Order Den. Pl.'s Mot. for Default J. at 1, Dkt. No. 28.) Having considered the filings and the relevant legal authority, the Court finds that Plaintiff's motion for default judgment is still defective.[1]

First, Plaintiff again alleges the wrong dates of employment. In the operative complaint, Plaintiff alleges that he worked "[f]rom approximately November 2016 to February 2017 and from March 2017 to approximately April 21, 2017." (First Am. Compl. ("FAC") ¶ 10, Dkt. No. 29.) These are the same dates the Court found problematic in the prior motion for default judgment because Plaintiff states in his declaration that he was employed "from April 15, 2016 to January 23, 2017 and from March 14, 2017 until April 21, 2017." (Kansupda Decl. ¶ 2, Dkt. No. 38-2; *see also* Order Den. Pl.'s Mot. for Default J. at 1.) Additionally, Plaintiff's damages are calculations

---

[1] The April 2, 2020 hearing was vacated due to the ongoing COVID-19 public health emergency. (Dkt. No. 41.)

based on Plaintiff's employment from **August** 15, 2016. (Burton Decl., Exh. C at 1.) Thus, either Plaintiff's complaint, declaration, or damages calculations are incorrect. This is inadequate to satisfy the standards for a motion for default judgment.

Second, Plaintiff fails to allege adequate facts to support his claims. In reviewing a motion for default judgment, the Court takes "the well-pleaded factual allegations in the complaint as true." *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal quotation omitted). The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (internal quotation omitted).

Here, Plaintiff asserts that he was misclassified by Defendants. In support, however, Plaintiff cites almost no factual allegations;[2] for example, with respect to control, Plaintiff alleges: "Defendants had the right to control, and did control, Plaintiff as to the work done and the manner and means in which it was performed . . . ." (FAC ¶ 11i.) There are no facts regarding that control, such as how Defendants actually controlled Plaintiff – such as, for example, by requiring Plaintiff to accept assignments or shifts, dictating Plaintiff's delivery routes, or directing how Plaintiff dressed or behaved while delivering product. At most, Plaintiff cites to a December 16, 2016 document which states "Four days on 2 days off," "Changes must be approved a week ahead," "Leave the truck at least ¾ full-keep receipts," and to call the police and take pictures if there were accidents. (FAC ¶ 12.) Plaintiff provides no explanation for how these instructions were applied to his work in the operative complaint, nor does he cite these instructions in the motion for default judgment, let alone explain how these instructions demonstrate the requisite control.

Likewise, it is unclear that Plaintiff's conclusory allegation that he "frequently worked more than eight hours in a workday and forty hours in a workweek," but "was not paid overtime wages," could support an overtime claim. In *Landers v. Quality Communications, Inc.*, the Ninth Circuit found that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions

---

[2] The Court finds it particularly noteworthy that Plaintiff cited no facts in his motion for default judgment, failing to include a facts section entirely.

2

1  must allege that she worked more than forty hours in a given workweek without being
2  compensated for the hours worked in excess of forty during that week." 771 F.3d 638, 645 (9th
3  Cir. 2014). Such allegations must provide "sufficient detail about the length and frequency of
4  [the] unpaid work to support a reasonable inference that he worked more than forty hours in a
5  given week." *Id.* at 646. Thus, the Ninth Circuit affirmed the dismissal of the plaintiff's overtime
6  claim where the plaintiff failed to allege "any detail regarding a given workweek when [the
7  plaintiff] worked in excess of forty hours and was not paid overtime for that given
8  workweek . . . " *Id.* Here, Plaintiff provides no *factual* allegations that would allow the Court to
9  find that he worked overtime. Additionally, it is not clear Plaintiff has provided sufficient facts to
10 show that Defendants are joint operators, such that both Defendants are liable for damages.

11 Third, Plaintiff's damages calculations do not appear to be tenable. For example,
12 Plaintiff's PAGA penalties for inaccurate wage statements and failure to reimburse expenses are
13 based on Defendants having paid its employees approximately once a week, and Defendants
14 having employed five employees. (Pl.' Mot. for Default J. at 12.) There is nothing, however, to
15 support Plaintiff's estimate that Defendant had five employees during the relevant period. At
16 most, Plaintiff states that he worked with four other drivers; this does not mean, however, that
17 Defendants continued to employ five employees after Plaintiff stopped working for Defendants in
18 February 2017. (*See* Kansupda Decl. ¶ 11.) It is not clear how the Court can accept this
19 assumption in calculating PAGA penalties without any evidence, especially when Plaintiff seeks
20 PAGA penalties starting from February 2017.

21 Because Plaintiff's motion for default judgment is defective, the Court will give Plaintiff
22 the option of voluntarily withdrawing the motion for default judgment and filing a second
23 amended complaint within **21 days** of this order. Plaintiff's amended complaint and any renewed
24 motion for default judgment must address the issues raised in this order. If Plaintiff does not wish
25 to withdraw the motion for default judgment, the Court will reassign this case to a district judge
26 //
27 //
28 //

3

with the recommendation that the motion for default judgment be denied for the reasons stated above.

IT IS SO ORDERED.

Dated: May 22, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

4